STATE OF KANSAS v. BEAL et al. (with eight other cases).

(Circuit Court, D. Kansas, First Division. January 7, 1911.)

No. 8,925.

Removal of Causes (§ 19*)—Federal Question—Allegations in Pleadings.

Where the petition in a suit brought by the state of Kansas in a state court charged the defendants with creating a nuisance in violation of Sess. Laws Kan. 1901, c. 232, § 1, by maintaining places in the state where liquor was sold, such suit is not removable as one arising under the Constitution or laws of the United States because of averments in a petition for removal that defendants keep and sell their liquors at a place in the state of Missouri, and that their delivery in Kansas constitutes interstate commerce; it being settled law that the questions involved for the purposes of removal are to be determined from the plaintiff's pleading as it appeared of record when the petition for removal was filed.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 37–46; Dec. Dig. § 19.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suit by the State of Kansas against George Beal and others, with eight other cases. On motions to remand to state court. Motions sustained.

F. S. Jackson, John Marshall, Chas. D. Shukers, Lee Bond, and Arthur M. Jackson, for complainant.

Rutherford & Rutherford, for defendants.

POLLOCK, District Judge. A bill of complaint (styled petition) was filed in the district court of Leavenworth county by the state in this case, and in eight other cases against different persons as defendants, under the provisions of its laws to restrain defendants from engaging in the business of bartering, selling, and disposing of intoxicating liquors within said county, in this state, contrary to the provisions of the Constitution and laws of the state.

The statute laws of the state (Gen. St. 1909, §§ 4387, 4388) under which the bills are framed and presented, in so far as material, read as follows:

"All places where intoxicating liquors are manufactured, sold, bartered or given away in violation of law, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter or delivery in violation of the law, and all intoxicating liquors, bottles, glasses, kegs, pumps, bars and other property kept in and used in maintaining such a place, are hereby declared to be common nuisances; and every person who maintains or assists in maintaining such common nuisance shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars, and by imprisonment in the county jail not less than thirty days nor more than six months, for each offense."

"The Attorney General, county attorney, or any citizen of the county where such a nuisance as is defined in section 1, chapter 232, Session Laws of 1901 (paragraph 4387 above quoted), exists, or is kept or maintained, may maintain an action in the name of the state to abate and perpetually enjoin the same. The injunction shall be granted at the commencement of the action, and no bond shall be required. * * *"

The charging part of the several bills presented, in so far as material to this inquiry, read, as follows:

"That the said defendants, George Beal, Henry Brandon, and William Schmitz, partners as aforesaid, are each and all residents of the city of Leavenworth, in Leavenworth county, Kan., and are engaged in the sale, barter, and delivery of intoxicating liquors in Leavenworth county, Kan., in manner and form as follows: That said defendants keep and maintain a place of business in Stillings, in Platte county, in the state of Missouri, where said defendants keep and store large quantities of intoxicating liquors for sale, barter, and delivery in the state of Kansas in violation of the laws of the state of Kansas. That said defendants pretend to be engaged in interstate commerce in intoxicating liquors between the state of Missouri and the state of Kansas, but in truth and in fact the said defendants are not engaged in interstate commerce in intoxicating liquors between the state of Missouri and the state of Kansas or any other state, but are engaged in the sale, barter, and delivery of intoxicating liquors in Leavenworth county, Kan., and for the purpose of evading the laws of the state of Kansas keep the intoxicating liquors stored in said town of Stillings in the county of Platte, in the state of Missouri, and from there load such intoxicating liquors upon wagons and other vehicles and convey the same from the said town of Stillings to various points and places in Leavenworth county in the state of Kansas, and from said wagons and other vehicles sell and deliver intoxicating

liquors in Leavenworth county, Kan., to numerous persons in Leavenworth county, Kan., and that in making such sales of intoxicating liquors in Leavenworth county, Kan., the said defendants use a number of wagons and other vehicles for the purpose of transporting such intoxicating liquors from the said town of Stillings to Leavenworth county, Kan., and employ a number of drivers of such wagons and salesmen who are unknown to the said plaintiff and unknown to the said F. S. Jackson, Attorney General, and Lee Bond, county attorney, as aforesaid. That the said defendants keep and maintain in the city of Leavenworth, in Leavenworth county, Kan., warehouses for the bottling of beer and the storing of empty cases, bottles, and barrels and for stabling of teams and, caring for the same used in the transporting of intoxicating liquors from the town of Stillings, in the county of Platte, in the state of Missouri, and your petitioners are informed and believe that the said defendants so keep and maintain said warehouses on lots 5 and 6 in block 11, city proper in the city of Leavenworth. That by means of the actions and conduct of the said defendants as hereinbefore set out, said defendants on said premises and on the said wagons and other vehicles in Leavenworth county, Kan., do keep and maintain places where intoxicating liquors are sold, bartered, and given away in violation of the law, and where intoxicating liquors are kept for sale, barter, and delivery in violation of law. That said things so done by the said defendants are contrary to and in violation of the laws of the state of Kansas."

Defendants have removed the several cases into this court on the ground the controversy presented involves the construction of the Constitution and laws of the United States. A motion to remand for want of jurisdiction has been filed, argued, and submitted for decision in each of the several cases. As the question presented in each of the cases is the same, the decision of this case will dispose of all.

It is the contention of defendants, as set forth in their petition for removal, they were engaged in interstate commerce, hence are beyond the control of the power of the state to restrain their operations. Of necessity, it must be true, if defendants are so engaged they are beyond the power of the state to control their operations, or business, for it is fundamental the national Congress alone has the power to enact laws under which commerce between the several states may be regulated, controlled, or prohibited. The citation of authorities in support of this proposition at this late day would only serve to show a lack of confidence in a self-evident proposition.

This claim of the defendants, however, is the one made in their petition for removal. As has been seen, it is not the claim made by the state in its petition filed in the state court, and it is the claim made in the petition of the state against defendants, as it appeared of record when the removal was taken, and not the defense which may be interposed thereto, or the claim of defendants made in their petition for removal, as to the manner in which they conducted their business, which characterizes the controversy presented, and determines the question whether the construction of the Constitution or laws of the United States is presented which would justify the removal taken. This proposition also is so conclusively settled by controlling authority as to admit of no doubt whatever, and to preclude any justification for the citation of authorities in its support.

Recurring, then, to the petition filed in the state court from which quotation is made, as above, it is seen the state clearly and positively

193 F.—35

charges defendants with a violation of its laws and the creation of a nuisance by making sales of intoxicating liquors within the borders· of the state and county wherein the suit was commenced against them. If this charge be true, as laid in the petition, it does not matter whether defendants have a place of business in the state of Missouri where such business could be lawfully conducted by them, and it is a matter of no concern whatever under what guise the business done by defendants was attempted to be concealed, if, as charged in the petition, the defendants, in fact, did sell intoxicating liquor from wagons, or elsewhere within this state, and the jurisdiction of the court where the suit was instituted. On the contrary, if it shall appear at the trial defendants made the sales of which complaint is made in the petition in the state of Missouri, in good faith, as by them contended, to residents of this state, and the deliveries of intoxicating liquor from wagons, storehouses, or otherwise, made by defendants in this state, if any were made, were in consummation of sales in good faith made by them in the state of Missouri, where they could be lawfully made, the business of defendant in so doing was lawful, no matter what instrument of carriage and delivery they employed to bring the liquors so sold into this state for delivery.

It follows the controversy raised in this case by the state with defendants, as alleged in the petition filed against them, does not involve the construction of the Constitution or laws of the federal government. If the defense interposed by defendants that they were engaged in interstate commerce be shown at the trial, it will constitute a complete justification, and they will not be punished.

It follows the motion to remand in this case, and in cases 8926 to 8933, both inclusive, must be sustained, and it is· so ordered.